### No. 5082.

### SUCCESSION OF JAMES W. PIPES.

Assuming that the exceptions filed to the original rule in this case by the defendant Mrs. Pipes, are well taken, and that at that time, the parish court had no jurisdiction *ratione materiæ*, or *ratione personæ*, her subsequent appointment as administratrix, which she provoked, brings the succession within the control of the parish court, and she has therefore subjected herself to its jurisdiction.

On the amended rule taken on Mrs. Pipes, administratrix of the estate of her deceased husband and tutrix of her minor children, to show cause why a certain piece of property mortgaged to secure a promissory note indorsed by the deceased, should not be sold for payment of the same, after the plaintiff had introduced his evidence consisting of the note, the confirmation of Mrs. Pipes as natural tutrix, the account on which he figures as a creditor, its publication, and the judgment homologating the same, the defendant offered evidence to establish the allegations in her answer, to wit: That she had never filed any account, and that no one was authorized to file one for her. The plaintiff objected to the reception of this evidence, on the ground that it was attacking the judgment collaterally. The judge *a quo* maintained the exception. It was an error.

The defendant merely sought to show that the judgment upon which the plaintiff relied, was in reality no judgment against her. The plaintiff having rested his case upon the judgment, the defendant was authorized to show that the judgment had no foundation to stand upon. It is now a well recognized doctrine that one may use as a shield, what he can not use as a weapon.

A power of attorney given by the administratrix of an estate, to administer her own affairs can not be construed to extend to the administration of the estate of her deceased husband. The power of attorney granted to a person to manage the affairs of a succession, must be express.

The account not having been filed by the administratrix, nor by any one authorized by her, nothing therein contained can be considered as binding upon her or upon the estate which she represents.

The claim of the plaintiff, if not kept alive by the judgment rendered on the tableau, is long, ago prescribed.

APPEAL from the Parish Court, parish of Iberville. *Crowell, J. A. & E. B. Talbot,* for plaintiff and appellee. *Favrot & Lamon,* for defendant and appellant.

MORGAN, J. The succession of James W. Pipes was opened in the Parish of Iberville. His widow was confirmed as natural tutrix of her children, who were minors at the time and as such she administered upon the estate. These proceedings took place in the year 1860.

Subsequently, Mrs. Pipes removed to another parish in this State, whence she migrated to Texas. This took place in October 1863. She returned to Louisiana, permanently, in 1867, and seems to have selected the Parish of East Baton Rouge as her domicile. On the fourth January 1868, she appeared before the Recorder of that parish, and formally renounced the community of acquets and gains which had existed between her husband and herself. This renunciation seems to have been filed on the tenth January 1868.

On the second May 1870, N. K. Knox, appearing for the use and benefit of Richard Burke, took a rule upon Mrs. Pipes, in which, alleging that he is the holder and owner of a promissory note for $7500, with eight per cent. interest thereon from the first January 1863, drawn by Charles Pipes to the order of and indorsed by James W. Pipes, dated seventh June 1857, and payable on the first January 1861, the note being secured by mortgage and vendor's privilege upon a certain property situate in the parish of West Baton Rouge; alleging further that Mrs. Pipes, administering the estate of her deceased husband as widow in community, and natural tutrix to her minor children, filed on the ninth November 1865, a provisional account of her administration which, after due publication, was homologated by the judge, and that upon this tableau he was placed as a creditor for the amount of the note which he now holds, and that his mortgage and privilege was therein recognized; and alleging that he has a right to have said property sold for cash to pay his debt, interest and costs, took a rule upon Mrs. Pipes, as widow in community and as tutrix to her minor children, to show cause why the property referred to should not be sold for cash, and his mortgage and privilege claim be paid.

To this rule Mrs. Pipes pleaded:

*First*—That the Parish Court had no jurisdiction *ratione materiæ,* be-

cause her children having reached the age of majority, or being emancipated, she can not administer the estate of her husband as natural tutrix.

*Second*—Because, if surviving partner in community and responsible, the demand against her exceeding $500 can not be enforced by the parish court, for want of jurisdiction.

*Third*—That the court had no jurisdiction *ratione personæ*, as she is not sued at her domicile.

Subsequently she applied to be and was appointed administratrix of her deceased husband's estate.

The exceptions were tried and maintained, reserving to the plaintiff in rule the right to amend and make Mrs. Pipes a party as administratrix, which was done.

In her answer she reiterates all the averments, allegations, and defenses which she made in her exception. She admits that a pretended account was rendered in her name as tutrix administering the estate of her husband, and that the account was homologated; but she denies that the account was filed with her knowledge or consent, or that the attorney who filed it had any authority whatever to present it; that the account could have no effect against her, the heirs or creditors of the estate, because it merely purports to give a statement of the creditors of the estate and the debts which may have been paid or were then due, or of the property of the estate then existing in kind, but does not show that she had collected and disbursed any money of the succession, and was, therefore, neither an account nor a tableau of distribution. She prays that the account presented by the attorney on the nineteenth December, 1865, and the judgment of the court of the third January, 1866, homologating the same may be declared null and void, that the rule taken against her be dismissed, and, finally, to plaintiff's demand she pleads the prescription of five years.

There was judgment against her, and she has appealed.

Assuming that the exceptions filed to the original rule were well taken, and that, at that time, the parish court had no jurisdiction *ratione materiæ*, or *ratione personæ*, her appointment as administratrix (which she provoked) brings the succession within the control of the parish court, and she has therefore subjected herself to its jurisdiction.

Knox excepted to the answer filed by the administratrix, on the ground that it seeks to set aside and annul indirectly a judgment of the district court, which can only be done he says by a direct action. On the trial of the rule, after the plaintiff had introduced his evidence consisting of the note he holds, the confirmation of Mrs. Pipes as natural tutrix, the account upon which he figures as a creditor, its publication and the judgment homologating the same, the defendant

offered evidence to establish the allegations in her answer, viz: that she had never filed any account, and that no one was authorized to file one for her. The plaintiff objected to the reception of this evidence on the ground that it was attacking a judgment collaterally. His exception was maintained. We think our brother of the parish court erred. Defendant was not an actor seeking to annul a judgment which had been rendered against her. She merely sought to show that the judgment upon which the plaintiff relied was in reality no judgment against her. The plaintiff stood his case upon the judgment. She was, we think, authorized to show that the judgment had no foundation to rest upon. We believe it is now a well recognized doctrine that one may use as a shield what he can not use as a weapon. The judgment was worthless against her, she never having signed the account upon which it was rendered, and never having authorized any one to sign or present it for her. To this end her testimony is positive, and the attorney who filed the account unsigned by her, says that he was never directly authorized by her to file it. He says he did so with the approbation of her son-in-law with whom he consulted, and who, he supposed, held her general power of attorney, though he never saw it. He did hold her power of attorney, but this power of attorney gave him control over her own affairs alone, and contains no mention whatever of the estate of her husband. We understand that the power of attorney granted to a person to manage the affairs of a succession must be express. He says he did have a conversation with the counsel who told him that he intended to file an account and place Knox upon it, but that he remonstrated with him and that he had no knowledge of its having been filed until the service of the present rule upon Mrs. Pipes.

The account not having been filed by the tutrix, nor by any one authorized by her, nothing therein contained can be considered as binding upon her or upon the estate which she represented.

The claim, if it was not kept alive by the judgment rendered on the tableau, is long ago prescribed. The note was due on the first January, 1861. These proceedings were instituted only on the second May, 1870.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be avoided, annulled and reversed, and that there be judgment in favor of the defendant in the rule, plaintiff paying costs in both courts.

Wyly, J., *dissenting*.